IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Scott Alexaki<br>　　　　　　　　　Debtor(s) | CHAPTER 13 |
| JPMorgan Chase Bank, National Association<br>　　　　　　　　　Movant<br>vs. | NO. 17-12119 ELF |
| Scott Alexaki<br>　　　　　　　　　Debtor(s) | |
| William C. Miller Esq.<br>　　　　　　　　　Trustee | 11 U.S.C. Section 362 |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$39,779.18,** which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | April 2017 through July 2017 at $2,083.72/month |
| | August 2017 through May 2018 at $2,151.30/month |
| | June 2018 through October 2018 at $2,121.42/month |
| Suspense Balance: | ($675.80) |
| **Total Post-Petition Arrears** | **$39,779.18** |

2. The Debtor(s) shall cure said arrearages in the following manner:

a) Beginning November 2018 and continuing through April 2019, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$2,121.42** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$6,629.87 from November 2018 to March 2019 and $6,629.83 for April 2019** towards the arrearages on or before the last day of each month at the address below;

JPMorgan Chase Bank, N.A.
3415 Vision Drive
Columbus, OH 43219

b) Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   October 8, 2018

By: /s/Rebecca A. Solarz, Esquire
Rebecca A. Solarz, Esquire
Attorney for Movant

Date:   October 8, 2018

/s/ Daniel P. Mudrick, Esquire
Daniel P. Mudrick, Esquire
Attorney for Debtor(s)

Date:   10/12/18

William C. Miller
Chapter 13 Trustee

NO OBJECTION
*without prejudice to any trustee rights or remedies.

Approved by the Court this _____ day of _____, 2018. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Eric L. Frank